

# NUMBER 13-11-00343-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**ANGELICA M. MARTINEZ,**                                **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                     **Appellee.**

### On appeal from the 105th District Court
### of Kleberg County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Vela, and Perkes
### Memorandum Opinion Per Curiam

This cause is before the Court on appellant's motion for leave to file notice of appeal. Appellant, Angelica M. Martinez, attempted to perfect an appeal from a conviction for possession of marihuana. We dismiss the appeal for want of jurisdiction.

Sentence in this matter was imposed on November 18, 2010. No motion for new trial was filed. Appellant filed a pro se appeal on April 15, 2011. On June 2, 2011, the

Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. On June 13, 2011, appellant's counsel filed a motion for extension of time to file notice of appeal. The motion states that it was appellant's understanding that her trial attorney would file in a timely manner a notice of appeal.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* 26.3.

Appellant's notice of appeal was due to have been filed on or before December 20, 2010. *See* TEX. R. APP. P. 26.2(a)(2). Appellant did not file a motion for extension of time to file her notice of appeal within the 15-day time period as permitted by Texas Rule of Appellate Procedure 26.3 and did not file her notice of appeal until April 15, 2011.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that

2

remedy is beyond the jurisdiction of this Court.   *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (West Supp. 2010); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).   Accordingly, appellant's motion for extension of time to file notice of appeal is DENIED.   The appeal is DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed
the 14th day of July, 2011.